[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the dissolution of a marriage and related relief. The plaintiff, Tomasso Casale and the defendant Irma Casale, whose maiden name was Marsella, intermarried at Comune di Roccasecca, Provincia di Frosinone, Italy on January 30, 1956. Both parties have resided continuously in the State of Connecticut for at least one year next preceding the date of the complaint; therefore, this court has jurisdiction. There are three children issue of the marriage, none of whom remain a minor. Neither the plaintiff nor the defendant has received any state aid or public assistance during the marriage. The marriage of the parties has broken down irretrievably, and a decree of dissolution shall enter on that ground.
At trial, the plaintiff's complaint was dismissed. The trial proceeded on the defendant's crossclaim.
The plaintiff is 68 years old. He is a retired mason and is now unemployed. His sources of income are a pension from which he collects $190 per week, and social security of $144 per week. This is a total of approximately $334 per week, or $1,436 per month. The plaintiffs affidavit shows this as both a gross and CT Page 5672 net sum, i.e., no deduction for taxes. The plaintiff's health is fair, but he does have hypertension and an unspecified "heart condition."
The defendant is 69 years old. She is unemployed, also, and is a housewife. Her sole source of income is social security benefits in the amount of $288 per month, which she, too, states as both a gross and net sum. The defendant's health is average; she does have high blood pressure.
This is a 43 year marriage. The court finds that the general cause or fault of the breakdown of this marriage was the plaintiffs physical and verbal abuse toward the defendant from time to time. The parties separated in early 1996 when the defendant vacated the marital home in Stamford.
This court has considered all of the evidence and the statutes made and provided for the dissolution of marriage and related relief in Chapter 815j of the Connecticut General Statutes, including but not limited to C.G.S. §§ 46b-81
and 82, and hereby enters the following orders:
(1) The marriage of the parties is dissolved on the grounds of an irretrievable breakdown.
(2) The plaintiff shall pay to the defendant, as and for periodic alimony, fifty (50%) percent of the plaintiffs income interest in his pension. Said alimony shall be terminated upon the earliest happening of any of the following events: any involuntary termination of the plaintiffs pension income, the plaintiffs death, or the defendant's death, remarriage, or cohabitation pursuant to C.G.S. § 46b-86(b). Payment shall be effectuated by means of a QDRO, if available, or assignment. The court shall retain jurisdiction to effectuate these orders.
(3) The parties' interest in the marital home at 61 Dunn Avenue, Stamford, Connecticut, is ordered sold. The parties shall cooperate in the listing and sale of the property. The court shall retain jurisdiction over the terms and conditions of the listing and sale or in the event of a disagreement between the parties. Notwithstanding the same, any bonafide offer within five (5%) percent of any current listing price shall be accepted by the parties. Reasonable and customary closing expenses shall be paid from the gross proceeds of the CT Page 5673 sale. The net proceeds of the sale shall be divided in the following manner: the first $100,000 shall be paid to the defendant, and the balance of the net proceeds of the sale shall be divided fifty (50%) percent to the plaintiff and fifty (50%) percent to the defendant.
(4) The plaintiff shall have and retain, free of any claim or right of the defendant, all of the parties' interest in certain real property in Roccasecca, Italy. The defendant shall cooperate with any reasonable process necessary to transfer title to the plaintiff. The court shall retain jurisdiction to effectuate these orders.
(5) The interest of the parties, individually or jointly, in the following assets shall be divided fifty (50%) percent to the plaintiff and fifty (50%) to the defendant: any and all bank accounts, including any such account at Fleet Bank or Banco di Roma (Italy), and the International Bricklayers Union Citibank Retirement Plan/IRA. The division of the IRA shall be done by means of a QDRO, if available. The court shall retain jurisdiction to effectuate these orders.
(6) Except or to the extent as more specifically set forth hereinbefore, each party shall retain any retain assets, including their personal papers, furnishings and effects, and be responsible for any liabilities, as set forth in their respective financial affidavits.
(7) Each party shall be responsible for his or her own counsel fees.
(8) Counsel for the defendant shall prepare the judgment file.
So Ordered.
KAVANEWSKY, J.